UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DORIS J. SILVERS,<br>      Plaintiff,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of<br>Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 1:19-CV-215-DRL-JPK<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Doris J. Silvers on May 16, 2019, and the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 15], filed on November 6, 2019. Plaintiff requests that the April 26, 2018 decision of the Administrative Law Judge denying her claim for disability insurance benefits be reversed and remanded for further proceedings. The Commissioner filed a response, and Plaintiff filed a reply.

On October 21, 2019, District Court Judge Damon R. Leichty entered an Order [DE 14] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court reverse the decision of the Commissioner of the Social Security Administration and remand for further proceedings consistent with this Report.

**PROCEDURAL BACKGROUND**

On November 23, 2015, Plaintiff filed an application for disability insurance benefits, alleging disability as of November 19, 2014. The claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on September 14, 2017. On April 26, 2018, the ALJ issued an unfavorable decision, making the following findings:[1]

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since November 19, 2014, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with bilateral lower extremity radiculopathy, chronic pain syndrome, and obesity.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the [ALJ found] that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can occasionally climb ramps and stairs, she can never climb ladders, ropes or scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, she should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, any other similar respiratory irritants, and she should avoid all exposure to unprotected heights, slick, wet or uneven terrain, and unguarded moving machinery.
>
> 6. The claimant is capable of performing past relevant work as a Computer Programmer DOT# 033.167-010, SVP 7, sedentary per the DOT and light as the claimant performed it; and Collections Clerk DOT# 241.357-010, SVP 5, sedentary per the DOT and light as the claimant performed it. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity as it is generally performed in the national economy.

(AR 17-22[2]).

---

[1] These are direct quotes of each of the ALJ's bolded findings made at various points throughout the decision. Internal citations to the Code of Federal Regulations are omitted.

[2] Page numbers in the Administrative Record (AR) refer to the page numbers assigned by the filer, which is found on the lower right corner of the page, and not the page number assigned by the Court's CM/ECF system.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g) for review of the Agency's decision.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the Agency's final decision. 42 U.S.C. § 405(g). The question before the Court is not whether the claimant is in fact disabled, but whether the ALJ's decision "applies the correct legal standard and is supported by substantial evidence." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). Under § 405(g), the Court must accept the Commissioner's factual findings as conclusive if they are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). However, "if the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)). At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ also has a basic obligation to develop a full and fair record and "must build an accurate and logical bridge

between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability," which is defined as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ follows a five-step inquiry to determine whether a claimant is disabled: (1) whether the claimant has engaged in substantial gainful activity since the alleged onset of disability, (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe, (3) whether the claimant's impairment or combination of impairments meets or medically equals the criteria of any presumptively disabling impairment listed in the regulations, (4) if the claimant does not meet a listing, whether she is unable to perform her past relevant work, and (5) if the claimant is unable to perform past relevant work, whether she is unable to perform any work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Prior to step four, the ALJ determines the claimant's residual functional capacity (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). An affirmative answer at either step three or step five leads to a finding of disability. *Briscoe ex rel. Taylor v. Barnhart*, 524 F.3d 345, 352 (7th Cir. 2005); 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001).

## ANALYSIS

Plaintiff alleges that the ALJ erred by (1) improperly finding that Plaintiff could perform her past work as a Computer Programmer and Collections Clerk; and (2) failing to properly evaluate the subjective symptom testimony of both Plaintiff and her son.

### A. Plaintiff's Past Work

Plaintiff argues that the ALJ erroneously concluded that Plaintiff was not disabled at step four. Specifically, Plaintiff asserts that the ALJ's finding that Plaintiff could perform her past work as a Computer Programmer and Collections Clerk was improper because of the remoteness in time of the programmer job and because the clerk job was a composite job.

*1. Computer Programmer*

Plaintiff notes that the Social Security Administration has restricted past relevant work to work performed within fifteen years of the date of the last decision—in this matter, the date of the ALJ's decision—and asserts that the ALJ erroneously found that Plaintiff's work as a Computer Programmer had been performed during this time despite evidence to the contrary in the record. (Pl.'s Br. 5, ECF No. 15). Plaintiff explains that, while her earnings record from the relevant employer reflected earnings in 2003, in reality she last performed as a programmer in 2002. *Id.* at 5-6. Although Plaintiff concedes that her hearing testimony did not establish her last date of work as a programmer, an affidavit submitted by her son post-hearing clarified that her work ended in 2002 and that the earnings reported in 2003 were from the prior year. *Id.* Moreover, Plaintiff argues that the ALJ failed to mention this post-hearing affidavit and other evidence indicating when Plaintiff last worked as a programmer, rendering the ALJ's finding unsupported by substantial evidence. *Id.* at 6.

The Commissioner responds that the Vocational Expert (VE) reviewed the record and testified that Plaintiff's job as a Computer Programmer was past relevant work. (Def.'s Mem. 4, ECF No. 16). The Commissioner further notes that earnings records reflect that Plaintiff was paid for this position in 2003. *Id.* The Commissioner therefore contends that substantial evidence supported the ALJ's finding that Plaintiff's past job as a Computer Programmer was past relevant work. *Id.*

Pursuant to 20 C.F.R. § 404.1565, the ALJ will "consider that [the claimant's] work experience applies when it was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). This statute additionally states that an ALJ does "not usually consider that work [the claimant] did 15 years or more before the time [the ALJ is] deciding whether [the claimant is] disabled (or when the disability insured status requirement was last met, if earlier) applies." *Id.* This rule is further clarified by Social Security Ruling (SSR) 82-62, which notes that, "[e]xcept for the purpose of determining whether the disability criteria of sections 404.1562 and 416.962 of the regulations are met, work performed 15 years or more prior to the time of adjudication of the claim . . . is ordinarily not considered relevant." 1982 WL 31386, at *1 (1982).

Per SSR 82-62, fifteen years prior to the "adjudication of the claim" in the instant matter— i.e., fifteen years prior to the date of the ALJ's decision—would be April 26, 2003. The only reference contained in the ALJ's decision regarding when Plaintiff's position as a Computer Programmer ended is a cursory statement that this position, along with the position of Collections Clerk, was "done within the period at issue." (AR 22). At the hearing, the ALJ noted earnings statements for this position from 2002 and 2003, and Plaintiff's attorney indicated that more information would be forthcoming regarding Plaintiff's last date of work for this job. (AR 48-49,

52). After the hearing, Plaintiff's counsel submitted a letter noting that Plaintiff's past employer was unable to supply records beyond the earnings statements already presented to the ALJ. (AR 309). However, Plaintiff's counsel submitted an affidavit from Plaintiff's son, which indicated that Plaintiff's work as a Computer Programmer concluded at the end of 2002. (AR 306). Moreover, as noted by Plaintiff, her 2003 earnings statement for this position does not reflect Plaintiff's actual dates of work—i.e., it does not specify whether Plaintiff worked before or after April 26, 2003. (Pl.'s Reply 3, ECF No. 19 (citing AR 194)).

Initially, the Court notes that there is no support in the record for the Commissioner's contention that the VE testified that this position was past relevant work. As Plaintiff correctly points out in her reply, the VE offered no opinion as to whether this job was past relevant work, as defined in the regulations. *Id.* at 2-3. Rather, the ALJ instructed the VE to tell the ALJ "about the claimant's past work," and the VE responded by supplying the Dictionary of Occupational Title's (DOT) code, DOT title, and other information. (AR 71-72). The VE offered no testimony regarding the recency of Plaintiff's position as a Computer Programmer or whether it could be considered past relevant work under the regulations, nor would it have been proper for the VE to do so. *See* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("Under 20 CFR 404.1527(e) and 416.927(e), some issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case . . . The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner.").

It was error for the ALJ to simply assert that Plaintiff's position as a Computer Programmer was past relevant work, as defined in the regulations, without discussion of, or seemingly any consideration given to, the conflicting evidence in the record regarding Plaintiff's last date of

employment. With no explanation offered by the ALJ, the Court is unable to determine how the ALJ arrived at the finding that this position constituted past relevant work despite conflicting evidence in the record. The ALJ erred by failing to offer any explanation on this issue. *See Scott*, 297 F.3d at 595 (explaining that ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence). As such, the ALJ failed to construct a logical bridge between the evidence and her conclusion. *See Beardsley*, 758 F.3d at 837. The Court therefore recommends remand for proper consideration of whether Plaintiff's position as a Computer Programmer constituted past relevant work under the regulations.

*2. Collections Clerk*

Plaintiff argues that her work as a Collections Clerk was a composite job—meaning it is work that has significant elements of two or more occupations and has no counterpart in the DOT. (Pl.'s Br. 6, ECF No. 15). Plaintiff states that she provided evidence and testimony establishing that she worked three hours per day on her feet and lifted files weighing 10 or 20 pounds in this position. *Id.* Plaintiff notes that the ALJ found that this work was sedentary as generally performed in the economy but was light as performed by Plaintiff. *Id.* Plaintiff argues that the ALJ erroneously found that, because filing is an activity described in the DOT description of Collections Clerk, this position is not a composite job. *Id.* at 7. Plaintiff asserts that this is contrary to the VE's testimony via post-hearing interrogatory that the work of a Collections Clerk as performed by Plaintiff contained the task of filing, which is a significant element of other DOT titles. *Id.* Finally, Plaintiff contends that the ALJ erred by finding that Plaintiff could perform the requirements of a Collections Clerk despite limiting Plaintiff to sedentary work, given the ALJ's finding that this position was light work as Plaintiff performed it. *Id.*

The Commissioner argues that Plaintiff's assertions regarding the Collections Clerk position as a composite job are misplaced. (Def.'s Mem. 5, ECF No. 16). The Commissioner explains that it is immaterial that Plaintiff's past work as a Collections Clerk was more physically demanding than the requirements for that position as described in the DOT. *Id.* Moreover, the VE testified that Plaintiff's previous position was past relevant work and identified the relevant DOT job definition for a Collections Clerk. *Id.* at 5-6. As such, the Commissioner asserts that Plaintiff's argument amounts to the contention that any job involving filing must be a composite job. *Id.* at 6. The Commissioner explains that this is contrary to SSR 82-61, which defines a composite job as one "having no counterpart in the DOT." *Id.* The Commissioner concludes that Plaintiff's past position as a Collections Clerk had a counterpart in the DOT, and that she failed to establish otherwise. *Id.*

SSR 82-61 provides that a claimant is not disabled if she "retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as [she] actually performed it" or "as ordinarily required by employers throughout the national economy." 1982 WL 31387, at *1-2 (1982). However, "if the prior position was a composite job, then the ALJ may not reference it when determining whether a claimant can perform his past job as it is generally performed." *Ray v. Berryhill*, 915 F.3d 486, 491 (7th Cir. 2019). As defined in SSR 82-61, a composite job is one with "significant elements of two or more occupations and, as such, [composite jobs] have no counterpart in the DOT." 1982 WL 31387, at *2.

In the instant matter, the ALJ addressed Plaintiff's assertion that her work performed as a Collections Clerk was a composite job. (AR 22-23). The ALJ rejected this argument, explaining that the VE testified that the task of filing is a significant element of many clerical occupations and that, in actuality, Plaintiff performed in this position consistent with the DOT's description of the

work of a Collections Clerk. (AR 22-23 (citing AR 317)). The ALJ further explained that, just because one occupation includes activities that are also performed in other occupations, this does not necessarily create a composite job. (AR 23). If that were so, any occupation that included, for example, some cashiering, would be a composite job of some other cashiering occupation, which was clearly not the intention of SSR 82-61. (AR 23).

The Court cannot say that the ALJ's findings regarding Plaintiff's ability to perform the work of a Collections clerk was error. The ALJ properly articulated her explanation as to why she did not deem this position to be a composite job, and she further relied on both the regulations and the VE's testimony in arriving at this conclusion. Moreover, though Plaintiff is correct that the ALJ limited Plaintiff to sedentary occupations and found that she performed her past work as a Collections Clerk as light work, the ALJ was nonetheless permitted to consider whether Plaintiff could perform the work of a Collections Clerk "as ordinarily required by employers throughout the national economy." SSR 82-61, 1982 WL 31387, at *2. And, as explained by the VE, the position of Collections Clerk is sedentary work, per the DOT. (AR 72). The ALJ further noted that this position does not require the performance of work-related activities precluded by Plaintiff's RFC as such work is generally performed in the national economy. (AR 22). Nevertheless, because the Court recommends remand on other grounds, the Court further recommends that, upon remand, proper consideration be given to whether the position of Collections Clerk is a composite job and whether Plaintiff has the ability to perform the requirements of such a position.

### B. Symptom Testimony

Plaintiff argues that the ALJ failed to properly evaluate the symptom testimony of both Plaintiff and her son.

*1. Plaintiff's Testimony*

Plaintiff advances several grounds for remand based on the ALJ's consideration of Plaintiff's symptom testimony. First, Plaintiff argues that, while the ALJ recounted Plaintiff's testimony regarding her back pain and difficulty standing and moving, the ALJ nonetheless neglected to mention Plaintiff's testimony that she is unable to concentrate and has problems with a negative attitude. (Pl.'s Br. 7, ECF No. 15). Plaintiff further argues that the ALJ's analysis of the medical evidence was impermissibly selective and that the ALJ improperly emphasized Plaintiff's daily activities. *Id.* at 8-9. Finally, Plaintiff asserts that the ALJ noted Plaintiff's lack of surgery, hospitalization, and pain medication, yet impermissibly made no attempt to determine the reasons for Plaintiff's conservative treatment. *Id.* at 9-10.

The Commissioner counters that, while Plaintiff may disagree with the ALJ's interpretation of the evidence, the ALJ's findings were nonetheless supported by substantial evidence. (Def.'s Mem. 7, ECF No. 16). The Commissioner argues that the ALJ explained her reasoning for not accepting at face value Plaintiff's allegations regarding her subjective symptoms. *Id.* at 7-8. Specifically, the Commissioner notes the ALJ's explanation that Plaintiff's reported daily activities were inconsistent with the level of pain she alleged, that Plaintiff's medical treatment was somewhat effective since the time she allegedly became disabled, that Plaintiff's medical treatment seemed to be conservative in nature, and that the medical evidence did not support Plaintiff's allegations of disabling pain. *Id.* at 8-9. Accordingly, the Commissioner argues that substantial evidence supports the ALJ's findings.

The Court is unpersuaded by Plaintiff's argument regarding the ALJ's consideration of Plaintiff's issues with concentration and attitude. At the hearing, Plaintiff offered brief testimony regarding her difficulty concentrating. (AR 51-52). Plaintiff further testified that she has problems

11

with a negative attitude and with being nice to people. (AR 38, 62-63). While Plaintiff is correct that the ALJ failed to explicitly cite to Plaintiff's testimony on these limitations, the ALJ nonetheless briefly discussed the testimony of Plaintiff's son that she cannot focus. (AR 20). Moreover, it is difficult to see how the ALJ's omission of a statement regarding Plaintiff's fleeting testimony regarding these issues would be harmful error when Plaintiff herself did not indicate in her Function Report that her physical or mental impairments affect her concentration or her ability to get along with others, despite being given the opportunity to do so on the form. (*See* AR 233). Plaintiff further points to no other evidence in the record indicating the existence of these issues, and the Court can find none. Accordingly, the Court cannot say that the ALJ erred in her consideration of Plaintiff's ability to concentrate and her attitude.

Plaintiff's argument regarding the ALJ's impermissibly selective analysis of the medical records, however, is more convincing. The ALJ cited to an October 2016 medical record, in which Plaintiff reported that she was doing well but nonetheless had back pain "here and there." (AR 21 (citing 519)). The ALJ omitted any citation, however, to a December 2016 record indicating that Plaintiff rated her back pain as 7/10 at the time of the appointment and 10/10 at its worst. (AR 492). And, while the ALJ cited to an August 2017 record noting that Plaintiff presented to the emergency room with back pain, the ALJ's recounting of this evidence was deficient. (AR 21). The ALJ cited the report as indicating that Plaintiff "had no weakness, no numbness, some tenderness to palpation and a positive straight leg test, but no erythema, no ecchymosis, no edema or rash, her extremities moved without difficulty, her strength was normal, and when she was given pain medication and [sic] she noted improvement and was discharged." (AR 21 (citing AR 481)). Yet, a review of the underlying medical record reveals a mischaracterization or omission on the part of the ALJ. The relevant record *does* note that Plaintiff had "associated numbness and

tingling." (AR 481). It further indicates that Plaintiff had "a sharp stabbing pain in the left lower back," which radiated down her leg and rendered her unable to find any position of comfort. (AR 481).

An ALJ may not "cherry-pick" positive reports that support a non-disability finding "while ignoring contradictory information." *See O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697-98 (7th Cir. 2016); *Gerstner v. Berryhill*, 879 F.3d 257, 262 (7th Cir. 2018) ("The ALJ considered only the signs of possible improvements in these notes and ignored the negative findings."). Here, it appears that the ALJ not only cherry-picked reports that supported a non-disability finding while ignoring contradictory information, but the ALJ selectively cited information from within a single report itself, while other evidence in the report indicated conclusions contrary to the ALJ's findings on the issue. This was error. The Court thus recommends remand for proper consideration of all relevant evidence in the record regarding Plaintiff's alleged limitations.

The Court is unpersuaded, however, by Plaintiff's argument regarding the ALJ's consideration of Plaintiff's daily activities. The ALJ found that Plaintiff's daily activities were not consistent with the degree of limitation alleged by Plaintiff. (AR 20). The ALJ noted that Plaintiff "reported no issues with self-care," "does not need reminders to complete personal care or take medication," "is able to prepare simple meals [and] is able to complete some household chores," "is able to drive a car, pay bills, count change, handle a savings account, and use a checkbook," "watches television," and "does not need to be reminded to go places or [be] accompanied by anyone." (AR 20). The ALJ's assessment of these activities appears to be consistent with Plaintiff's Function Report. (*See* AR 228-35).

The Seventh Circuit Court of Appeals has often warned against equating the performance of daily activities with the ability to perform full-time, competitive work. *Bjornson v. Astrue*, 671

F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011); *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009); *Zurawski*, 245 F.3d at 887. Nonetheless, per the regulations and case law, ALJs are directed to consider a claimant's daily activities when evaluating a claimant's credibility and the severity of her symptoms. *See Shumaker v. Colvin*, 632 F. App'x 861, 866 (7th Cir. 2015) (noting the ALJ permissibly evaluated the plaintiff's daily activities against her asserted impairments in assessing whether she was exaggerating the effects of her impairments); *see also* 20 C.F.R. § 404.1529(c)(3)(i) (explaining that the ALJ will consider daily activities in evaluating a claimant's symptoms); SSR 96-7p, 1996 WL 374186, at *3 (Jul. 2, 1996) (directing the ALJ to consider daily activities in determining the credibility of a claimant's statements about symptoms).

In the instant matter, the ALJ noted that Plaintiff's daily activities were "not dispositive of any of the issues herein," but that the ALJ nonetheless found them to be inconsistent with the degree of limitation alleged by Plaintiff. (AR 20). The ALJ further cited to other medical records to support her determination that Plaintiff's statements regarding her symptoms were not consistent with the evidence at hand. (AR 20-21). Given the ALJ's framing of Plaintiff's daily activities, coupled with the support for the ALJ's assertions regarding these activities found in Plaintiff's own Function Report and the ALJ's citation to other records, the Court cannot say that the ALJ improperly emphasized Plaintiff's daily activities in contravention of the case law and regulations.

The Court is further unconvinced by Plaintiff's argument regarding the ALJ's statements concerning Plaintiff's treatment. After recounting certain medical records regarding Plaintiff's back pain, the ALJ noted that Plaintiff "was not using an assistive device," "did not undergo surgery," "was not hospitalized," and "was not taking pain medication." (AR 21). It is true that, per SSR 16-3p, an ALJ is instructed not to "find an individual's symptoms inconsistent with the evidence in the record [based on a failure to follow prescribed treatment that might improve symptoms] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." 2017 WL 5180304, at *9 (Oct. 25, 2017); *See Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) (noting that, while "infrequent treatment or failure to follow a treatment plan can support an adverse credibility finding where the claimant does not have a good reason for the failure or infrequency of treatment," an ALJ must nonetheless "'not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care."). Here, however, Plaintiff does not advance the argument that she was prescribed these treatments but opted not to pursue them. Indeed, a review of the record does not reveal that an assistive device or surgery was recommended for Plaintiff. It is therefore far from clear that it was improper for the ALJ to note the lack of any indication that Plaintiff was *prescribed* these treatments in the first place, and the Court can find no support for Plaintiff's apparent contention that the ALJ should have inquired into why Plaintiff chose not to pursue treatments that were neither prescribed nor recommended. Accordingly, the Court cannot say the ALJ erred in her statements regarding Plaintiff's treatment.

Per the Court's findings above, the Court does not recommend remand on the basis that the ALJ erroneously failed to consider Plaintiff's allegations regarding her ability to concentrate and her attitude, on the basis that the ALJ improperly emphasized Plaintiff's daily activities, or on the

15

basis that the ALJ improperly considered Plaintiff's treatment. However, the Court recommends remand for proper consideration of all relevant evidence in the record regarding Plaintiff's alleged limitations. Because the Court recommends remand on this ground, the Court notes that, upon remand, proper consideration should be given to Plaintiff's alleged mental limitations, daily activities, and treatment.

*2. Plaintiff's Son's Testimony*

Plaintiff explains that her son testified that Plaintiff needs help with daily activities, that she has problems dealing with people, and that she would not be able to concentrate and perform the mental requirements of her past work as a Computer Programmer. (Pl.'s Br. 10, ECF No. 15). Plaintiff asserts that the ALJ impermissibly discounted the testimony of Plaintiff's son on the basis that, because he is a family member, he is biased. *Id.* at 12. Additionally, Plaintiff argues that the ALJ impermissibly discounted the testimony of Plaintiff's son as being inconsistent with the observations and opinions of medical doctors, when neither the record nor the ALJ's other findings supported such an assertion. *Id.*

The Commissioner responds that the ALJ permissibly found that the testimony of Plaintiff's son was not consistent with the medical evidence in the record and that he lacked medical training to support his observations. (Def.'s Mem. 13, ECF No. 16). The Commissioner further argues that, while the record indicated that Plaintiff was significantly limited, it nonetheless did not indicate that she was limited to the degree alleged by either Plaintiff or her son. *Id.* Finally, the Commissioner notes that the ALJ explained her reasons for finding that Plaintiff's son was biased—mainly, due to his affection for his mother and his tendency to agree with her—and that, even if the ALJ erred by viewing Plaintiff's son as biased, this nonetheless did not invalidate the ALJ's primary reasons for discounting the testimony of Plaintiff's son. *Id.* at 14.

The Court finds that the ALJ failed to properly explain how she considered the testimony of Plaintiff's son. "An ALJ is in the best position to determine the credibility of witnesses, and we review that determination deferentially. *Craft*, 539 F.3d at 678. As such, the Court will "overturn a credibility determination only if it is patently wrong." *Id.* Nonetheless, "[t]he determination of credibility must contain specific reasons for the credibility finding," and "[t]he finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Id.*

Here, the ALJ's analysis of the testimony of Plaintiff's son is deficient for two primary reasons. First, there is no rule that the testimony of a presumptively biased witness should be afforded lesser weight than the testimony of a disinterested witness. *See Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) ("The administrative law judge should have made clear whether he believed the fiancée's testimony or not, or which part he believed, or whether he had no idea how much of what she said was worthy of belief."). Second, the ALJ's explanation as to whether the testimony of Plaintiff's son is consistent with the evidence is lacking. The ALJ made a conclusory statement that "significant weight cannot be given to the [testimony of Plaintiff's son] because it, like the claimant's, is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." (AR 20). Yet, the ALJ offered no explanation for which allegations she found to be inconsistent with the record. This was error. *See Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) ("When evaluating credibility, the ALJ must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009))); *Briscoe ex rel. Taylor*, 425 F.3d at 355 (holding that ALJ was required to give reasons based in the record for a decision to reject third party's statements); *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004) ("This

17

court will affirm a credibility determination as long as the ALJ gives specific reasons that are supported by the record for his finding."); *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003) (noting that a perfunctory statement such as, "to the extent that the claimant's parents alleged total disability, the undersigned [does] not find them fully credible, as it is not supported by the objective medical evidence and other evidence of record," is "precisely the kind of conclusory determination SSR 96-7p prohibits"); SSR 96-7p, 1996 WL 374186, at *4 ("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' . . . The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). Accordingly, the Court recommends remand for proper consideration of the statements of Plaintiff's son. If the ALJ again finds the statements of Plaintiff's son inconsistent with the record, the ALJ must sufficiently articulate these inconsistencies.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** the relief requested in the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 15] and **REVERSE** the decision of the Commissioner of the Social Security Administration and remand for further proceedings.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The

failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 28th day of July, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
